UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 17-219 |
| TAGGET WILLIAMS | SECTION: "J" (5) |

## ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 82)** filed by Defendant Tagget Williams. The Government opposes the motion. (Rec. Doc. 86). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

Williams pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine hydrochloride on November 9, 2018. He was originally sentenced to a mandatory-minimum ten-year term of imprisonment on February 7, 2019, which was later reduced to 62 months. His projected release date is April 9, 2021.

Williams filed the instant motion on August 12, 2020.[1] He seeks to serve the remaining months of his sentence on home confinement to avoid the possibility of contracting COVID-19. He claims that another inmate in his unit tested positive on

---

[1] (Rec. Doc. 82, at 5); *see, e.g.*, *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (prison mailbox rule).

July 22, 2020, and that there is no way to practice social distancing in his unit. He attests he has completed the Bureau of Prisons' ("BOP") Residential Drug Abuse Program, has been a "model prisoner," and has a safe place to reside upon his release. Williams is 46 and does not indicate that he is currently suffering from any medical conditions.

## **LEGAL STANDARD**

"A court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal." *Id.* Alternatively, the requirement is considered satisfied after "30 days from the receipt of such a request by the warden." *Id.* The exhaustion requirement is mandatory but not jurisdictional, meaning it may be waived if the Government does not raise it. *See United States v. Franco* ___ F.3d ____, 2020 WL 5249369, at *2 (5th Cir. Sept. 3, 2020); *see also Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1849 (2019).

In addition to finding extraordinary and compelling reasons, the Court must also find that a sentence reduction "is consistent with applicable policy statements

issued by the Sentencing Commission." § 3582(c)(1)(A). The U.S. Sentencing Guidelines provide that a reduction should be granted only if "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2) (p.s.).

If the Court grants a sentence reduction, it may impose a term of supervised release with conditions, including home confinement, "that does not exceed the unserved portion of the original term of imprisonment." § 3582(c)(1)(A).

## DISCUSSION

Williams submitted a compassionate release request to the warden of the facility where he is incarcerated on July 9, 2020,[2] and filed the instant motion on August 12, 2020. Accordingly, the Court finds that Williams has satisfied the exhaustion requirement.

The Sentencing Guidelines define four categories of circumstances that constitute extraordinary and compelling reasons: (1) the medical condition of the defendant; (2) the age of the defendant; (3) family circumstances; and (4) other reasons as determined by the Director of the Bureau of Prisons. § 1B1.13, comment. (n.1). Age is a qualifying circumstance when the defendant is at least 65 years old. *Id.* comment. (n.1(B)). Williams is only 46, so he does not qualify on this ground. Additionally, he has not provided the Court with any information concerning his medical condition or family circumstances. The BOP's denial of his compassionate release request indicated that "[a] review of [his] medical records and Presentence

---

[2] (Rec. Doc. 86-2).

3

Report d[id] not reveal a terminal or debilitated medical condition."[3] Thus, Williams has not established extraordinary and compelling reasons and therefore does not qualify for compassionate release.

Finally, to the extent Williams requests home confinement apart from compassionate release, the Court cannot grant his request because it lacks the authority to order BOP to transfer him to home confinement. *See* 18 U.S.C. § 3621(b); *United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993); *see also United States v. Mabe*, No. 3:15-CR-133, 2020 U.S. Dist. LEXIS 66269, at *1 (E.D. Tenn. Apr. 15, 2020).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Williams's *Motion for Compassionate Release* **(Rec. Doc. 82)** is **DENIED**.

New Orleans, Louisiana, this 5th day of October, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[3] (Rec. Doc. 86-3, at 1).