UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 17-219 |
| TAGGET WILLIAMS | SECTION: "J"(5) |

### ORDER AND REASONS

Before the Court is a *Motion to Terminate Supervised Release* **(Rec. Doc. 99)** filed by Defendant, Tagget Williams, an opposition filed by the United States (Rec. Doc. 103), and Defendant's reply memorandum (Rec. Doc. 105). Having considered the motion and legal memoranda, the record, and applicable law, the Court finds that the motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

In November 2018, Defendant Williams pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride. The basis of the offense was Williams's attempt to purchase five kilograms of cocaine and use his sister as a drug courier. His Pre Sentence Report revealed that Williams's criminal history included a previous conviction for conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than fifty grams of cocaine base. This Court originally sentenced Williams to 120 months of imprisonment which was later reduced to sixty-two months. After his release from prison on April 9, 2021, Williams was to serve five years of supervised release.

1

On November 2, 2021, Williams filed a motion for termination of supervised release. On February 15, 2022, the Court denied the motion, finding (1) that he had not yet served the one year of supervised release required by 18 U.S.C. § 3583(e) to terminate supervised release; (2) that the 3553(a) factors, including his history of drug-related charges and extensive history of drug use, weighed heavily against him; and (3) that Williams was benefitting from the requirements of supervised release, including maintaining a full-time job and not testing positive for drugs. (Rec. Doc. 98). On October 10, 2023, Williams filed the instant motion requesting that this Court enter an order terminating his supervised release.

## **LEGAL STANDARD**

Under 18 U.S.C. § 3583(e), this Court may terminate a term of supervised release after the expiration of one year of supervised release, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. In making its determination, the Court must consider a variety of factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant;

(3) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(4) the applicable sentencing guidelines and policy statements;

(5) the need to avoid unwarranted sentence disparities among defendants with similar records; and

(6) the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a). Section 3583(e)(1) provides courts with broad discretion in determining whether to terminate supervised release. *See United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

## **DISCUSSION**

Williams requests that this Court terminate his supervised release pursuant to Title 18, United States Code Section 3583(e). (Rec. Doc. 99, at 2). In support of his motion, Williams asserts that he served over 50% of his five-year term of supervised release, has complied with all terms of his supervision, and has been gainfully employed since his release. *Id.*

In opposition, the Government states that Williams fails to identify any changed circumstances or factors under § 3583 to justify his request. (Rec. Doc. 103, at 4). The Government also argues that, while Williams's compliance is commendable, this behavior is not exceptional or extraordinary, but is instead what is expected of a defendant. *Id.*

In reply, Williams argues that he showed exceptional behavior while on supervised release because during that term, he also started a construction service company that performs final cleaning on construction projects and employs ten people. (Rec. Doc. 105, at 2). Due to the terms of his supervision, he contends that he has not been able to travel out of state for cleaning contract opportunities, hindering

his and his employees' ability to earn a living. *Id.* at 3-4. In addition to the changed circumstances, Williams also reemphasizes that he has reintegrated into the community in terms of housing, family and employment. *Id.* at 7.

18 U.S.C. § 3583 provides that a defendant is eligible for termination of supervised release after serving one year of supervised release. However, serving at least one year of supervised release does not entitle a defendant to termination, and the benefit is only "occasionally justified." *United States v. Dixon*, No.13-24, 2022 WL 3107904, at *1 (E.D. Tex. Aug. 4, 2022) (collecting cases). A defendant bears the burden of proving that termination is justified based on the conduct of the defendant and the interest of justice. *Id.* (citing 18 U.S.C. § 3583(e)(1); *United States v. Johnson*, 529 U.S. 53, 59-60 (2000)). Abiding the terms of supervised release is expected and required for all defendants, and mere compliance with the terms of supervised release does not justify early termination. *United States v. Hayes*, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013) (Barbier, J.); *United States v. Smith*, No. 10-53, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014). Generally, early termination of supervised release under § 3583(e)(1) will be proper "only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *United States v. Melvin*, 978 F.3d 49, at 53 (3d Cir. 2020).

Unlike the circumstances relevant when he filed his previous motion, at this point in time, Williams has served over a year of supervised release and is therefore eligible for termination of supervised release. Williams has also identified a new circumstance to justify his request: during his term of supervision, Williams started

a new business that employs several people, and the terms of his supervised release limit the opportunities that he and the business can accept to those that are in-state.

However, after weighing the 3553(a) factors, the Court is not satisfied that early termination is justified. Given the serious nature and circumstances of the drug trafficking offense and the need for the sentence to provide adequate deterrence, the Court finds that Williams's supervised release should continue. Additionally, the conditions of his supervised release have provided necessary correctional treatment: Williams has maintained a full-time job, has not tested positive for drugs, and started a business that successfully employs several people. Williams's compliance with his supervised release terms and efforts to improve himself are admirable but not exceptional and do not meet the standard required to terminate his supervised release early.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Terminate Supervised Release* **(Rec. Doc. 99)** is **DENIED**.

**IT IS FURTHER ORDERED** that, upon a motion from Williams no less than one year from the date of issuance of this Order, the Court may re-evaluate Williams's eligibility for termination of supervised release.

New Orleans, Louisiana, this 5th day of December, 2023.

                                                CARL J. BARBIER
                                                UNITED STATES DISTRICT JUDGE